IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA MOTLEY,

     Plaintiff,                        No. CIV S-08-0861 FCD GGH P

    vs.

STATE OF CALIFORNIA, et al.,

     Defendants.               <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On May 9, 2008, plaintiff's complaint was dismissed with leave to file an amended complaint within thirty days. Plaintiff was therein informed that should she seek to proceed by way of a petition for writ of habeas corpus, rather than pursuant to 42 U.S.C. § 1983 in an amended complaint, she must file a new action. She was also informed that should she fail to file an amended complaint timely, the court would recommend dismissal of this action. Because the thirty day period expired without plaintiff's having filed an amended complaint, the court recommended dismissal of this action. See Findings and Recommendations, filed on July 24, 2008. The court noted therein that plaintiff did purport to file a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, but that she was expressly instructed not to do so in this

\\\\\

proceeding.[1]  Plaintiff was specifically instructed to open a new case if she wished to proceed on a habeas petition.

In objections to the Findings and Recommendations, plaintiff asks for an extension of time to file an amended complaint because she is due to be released within four days.  The court will vacate the pending Findings and Recommendations and grant plaintiff until September 15, 2008, as she requests, but there will be no further extension of time.  Should plaintiff fail to file an amended complaint, the court will recommend dismissal of this action.

Plaintiff seeks appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's requests for the appointment of counsel will therefore be denied.

Plaintiff's previous request for an extension of time will be denied as moot.

Accordingly, IT IS ORDERED that:

1. The Findings and Recommendations, filed on 7/24/08 (# 19), are hereby vacated;

2. Plaintiff is granted an extension of time until 9/15/08, to file an amended complaint; there will be no further extension and failure to file an amended complaint by the extended deadline will result in a recommendation of dismissal of this action;

---

[1] Plaintiff is cautioned that should she seek to proceed on a habeas petition as a new action, the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

3.  Plaintiff's requests for the appointment of counsel, both docketed as filed on 6/02/08 (#7) and (#12), are denied; and

4.  Plaintiff's motion for an extension of time, filed on 6/02/08 (# 15) is denied as moot.

DATED: 08/21/08        /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
mott0861.vac