IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA MOTLEY,

        Plaintiff,                    No. CIV S-08-0861 FCD GGH P

    vs.

STATE OF CALIFORNIA, et al.,      ORDER &

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is apparently a former state prisoner proceeding pro se who initially, as a state prisoner, filed this purported civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's initial complaint was found to be "virtually incoherent." See Order, filed on 5/09/08, p. 2. Following its dismissal with leave to amend within thirty days, with the express instruction that should plaintiff seek to proceed by way of a habeas corpus petition, she would have to file a new action, plaintiff purported to file a habeas petition herein, but no amended complaint. The court at first recommended dismissal for plaintiff's failure to file an amended complaint, but upon plaintiff's objections, vacated the Findings and Recommendations to permit the filing of an amended complaint. See Findings and Recommendations, filed on 7/24/08, vacated by Order filed on 8/21/08. Plaintiff thereafter filed two versions of an amended complaint on 9/17/08, as well as a third amended complaint on 9/18/08. The court will deem the latest amended

1

complaint the superseding amended complaint and will proceed to screen that document.

As plaintiff has been previously informed the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's amended complaint fails to cure the defects of the original. In this incarnation of her complaint, most if not all of the defendants are located in Chowchilla,

1  California, and the allegations appear to have arisen there.  Chowchilla is located in Madera
2  County, part of the Fresno Division of the United States District Court for the Eastern District of
3  California.  <u>See</u> Local Rule 3-120(d).  Although, pursuant to Local Rule 3-120(f), a civil action
4  which has not been commenced in the proper division of a court may, on the court's own motion,
5  may be transferred to the proper division of the court, in this instance the court will not do so
6  because the allegations remain so incoherent.

7  Plaintiff lists a myriad of defendants in her 103-page amended complaint, many of
8  them located at Valley State Prison for Women (VSPW) in Chowchilla, including the warden
9  and various correctional officers and counselors; plaintiff has also again named the State of
10 California as a defendant, which she has previously been cautioned not to do.  Amended
11 Complaint (AC), Docket # 31, pp. 1, 3-4, 32.  She also includes a disorganized list of more than
12 sixty other names that she identifies only as "eyewitnesses an [sic] some defendants," stating that
13 "this is only half."  AC, p. 17.  Plaintiff goes back to the 1980's to describe herself as both a
14 "soul [sic] owner" of commercial video and other equipment and an employee alongside the
15 defendants, without saying whom she means, asserting that she won a lawsuit seeking payment
16 by defendants.  Id., at 5.  Plaintiff jumps immediately to claiming that she was falsely imprisoned
17 and repeatedly injected with different medications.  Id.  Thereafter, she claims to have come into
18 a great deal of money by way of "a will and or inheritance too."  Id.  She was also "held hostage
19 and forced into prison clothing" and beaten unconscious.  Id.  She insufficiently links any named
20 defendant to her putative Eighth Amendment claims.

21 Plaintiff goes on to allege that "most of my past is a cloud...."  Id., at 8.  Plaintiff
22 randomly references a "fall on 11-18-04 here at V.S.P.W."  Id.  She jumps to garbled references
23 to investigations for two lawsuits against VSPW, claiming to be "enslaved" and "not heard again
24 and again."  Id., at 9.  She claims that her son has been falsely imprisoned because of who she is
25 and in the next sentence refers to "the laws of the White House."  Id.  Plaintiff continues her
26 rambling with references to sitting in a county jail for a crime upon which she has been found not

guilty. Id., at 10. She avers that she is in imminent danger because she is in a lockdown unit with a water faucet that does not work properly and no daylight or air. Id. She claims to have been in an ongoing battle with "police and other law officials," asserting that she "was not the driver of this D.U.I." Id., at 11. Plaintiff goes on for page after page with jarring and unconnected ramblings.

Just as was the original complaint, this filing is defective for multiple reasons. The amended complaint, as did the original, violates Fed. R. Civ. P. Rule 8. Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff strings out a litany of unrelated allegations, one or two of which may possibly be colorable, but all of which are too vague to put defendants (who are insufficiently linked to her claims) fairly on notice of the claims against them in violation of Fed. R. Civ. P. 8. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). In asserting multiple unrelated claims against different defendants (or against some of whom he has not clearly identified as defendants), plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong in different suits").

4

As plaintiff was also previously informed, to the extent that plaintiff seeks to challenge a conviction or sentence the appropriate vehicle is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, not a civil rights action under 42 U.S.C. § 1983.

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004).

In addition, as also previously noted, to the extent that plaintiff may seek to sue for money damages for a wrongful conviction, those claims appear to be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id. Plaintiff has failed to demonstrate that her conviction/sentence has been invalidated.

Moreover, as plaintiff was informed before, to the extent that plaintiff seeks to sue the State of California under § 1983, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the state are frivolous and must be dismissed.

For all of the defects identified above, the court, having liberally permitted plaintiff to amend, will now recommend dismissal with prejudice. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion

to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

Further Request

         Plaintiff has once again requested the appointment of counsel.  As plaintiff has been previously informed, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

         Accordingly, IT IS HEREBY ORDERED that:

         1.  Plaintiff's versions of an amended complaint, filed on 9/17/08 (Docket # 28 & # 29), are superseded by the amended complaint, filed on 9/18/08 (Docket # 31).

         2.  Plaintiff's motion for appointment of counsel, filed on 7/07/08 (Docket # 18), is denied.

         IT IS RECOMMENDED that this action be dismissed with prejudice.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

\\\\\

\\\\\

\\\\\

7

1  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
2  Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: January 30, 2009

                                                 /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
mott0861.ofr

8